UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WENDY J. PAULUK, *et al.*, | 2:07-CV-01681-PMP-VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| CLARK COUNTY HEALTH DISTRICT, *et al.*, | |
| Defendants. | |

This case arises from the July 17, 2007 death of Daniel Pauluk, which was allegedly caused by toxic mold at his government work place maintained by Defendant Clark County Health District. The action was originally filed in state court but was removed to this Court on December 17, 2007. On June 30, 2008, this Court entered an Order (Doc. #17) granting in part and denying in part Defendants' motion to dismiss. A Discovery Plan and Scheduling Order was approved by the Court on July 14, 2008 (Doc. #21), and extensive discovery was thereafter conducted and litigated by the parties over the ensuing three years.

///

1          On April 7, 2011, the Court entered an Order (Doc. #74) granting Plaintiffs' Motion to Stay (Doc. #73) based on Plaintiff Wendy J. Pauluk's ill health.  The period of stay was effectively lifted by October 22, 2012 (See Doc. #109 & #110).

         On August 15, 2013, Defendants filed a Motion for Summary Judgment (Doc. #122) which was accompanied by more than 1,000 pages of exhibits.  Defendants' Motion provoked a Response from Plaintiffs (Doc. #131) which similarly was supported by more than 1,000 pages of exhibits.  The parties completed briefing on Defendants' motion for summary judgement with the filing of Defendants' Reply Memorandum (Doc. #165) on December 5, 2013.

         The Court will grant Defendants' Motion as to Plaintiffs' negligent supervision and training claim because Defendants are entitled to discretionary immunity with respect to this claim.  See Neal-Lomax v. Las Vegas Metro. Police Dep't, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008).  However, after thorough review of the record in this case, the Court finds there remain genuine issues of material fact with regard to Plaintiffs' remaining claims which survived this Court's Order (Doc. #17) entered June 30, 2008 on Defendants' Motion to Dismiss.  Additionally, as to Defendants' argument that Plaintiffs' claims are barred by the Nevada Industrial Insurance Act and the Nevada Occupational Disease Act, Defendants fail to address how Daniel Pauluk's alleged exposure to and death from toxic mold qualifies as an occupational disease as defined by the statute and relevant case law.  See Nev. Rev. Stat. § 617.440; Palmer v. Del Webb's High Sierra, 838 P.2d 435, 436 (Nev. 1992).  This very old case needs to be set for trial forthwith.

         **IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment (Doc. #122) is **GRANTED** in part and **DENIED** in part.  The Motion is granted as to Plaintiffs' negligent supervision and training claim.  The Motion is denied in all other respects.

///

**IT IS FURTHER ORDERED** that counsel for the parties shall forthwith meet and confer and shall not later than January 23, 2014, file a Joint Pretrial Order following which this Court will schedule this matter for both Settlement Conference before a Magistrate Judge, and trial.

DATED: December 9, 2013.

_____
PHILIP M. PRO
United States District Judge