UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wendy J. Pauluk *et al*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Clark County Health District,<br><br>    Defendant. | Case No. 2:07-cv-01681-RFB-VCF<br><br>ORDER |

### I.     INTRODUCTION

Before the Court are Defendant Clark County Health District's Motion for Attorneys' Fees (ECF No. 316) and Motion for Additional Costs (ECF No. 317).

### II.    PROCEDURAL BACKGROUND

This action was removed to federal court on December 17, 2007. ECF No. 1. Plaintiffs asserted claims against Clark County Health District, Edward Wojcik, and Glenn Savage. Plaintiffs are Wendy J. Pauluk, individually in her capacity as wife of decedent Daniel Pauluk and as the personal representative of the Estate of Daniel Pauluk, and Jaime L. Pauluk and Chrissy J. Pauluk, daughters of the decedent. ECF No. 1-3 at 3. Plaintiffs initially asserted a 42 U.S.C. § 1983 claim for violation of First, Fourth, Eighth, and Fourteenth Amendment rights, negligent supervision and training, wrongful death, intentional infliction of emotional distress, and negligent infliction of emotional distress. Id. at 12-19. Plaintiffs' emotional distress claims and § 1983 claims as to the First, Fourth, and Eighth Amendments were dismissed by the Court on June 30, 2008. ECF No. 17.

The Court subsequently granted Defendants' Motion for Summary Judgment (ECF No.

122) in part as to Plaintiffs' negligent supervision and training claim. ECF No. 166. Defendants pursued an interlocutory appeal of the Court's denial of the motion as to qualified immunity for the individually named defendants, and the Ninth Circuit reversed the denial of qualified immunity for the § 1983 claims. ECF No. 172.

Plaintiffs' § 1983 official capacity and wrongful death claims proceeded to trial. Defendants Savage and Wojcik were voluntarily dismissed by Plaintiff on the first day of trial. ECF No. 278. The jury returned a verdict in favor of Defendant as to all claims on February 25, 2019, ECF No. 304, and the Clerk of Court entered judgment in favor of Defendant accordingly on February 26, 2019, ECF No. 306.

Defendant filed a Bill of Costs and Motion for Attorneys' Fees on March 12, 2019. ECF Nos. 307, 308.  The Court issued a minute order on April 8, 2019 finding that Defendant had improperly combined attorneys' fees with its bill of costs in violation of Local Rule 54-1, striking the Bill of Costs and denying the Motion for Attorneys' Fees without prejudice and ordering Defendant to re-file. ECF No. 313.  Defendant filed a Bill of Costs on April 12, 2019. ECF Nos. 314, 315. The instant Motion for Attorneys' Fees and Motion for Additional Costs were filed the same day. ECF Nos. 316, 317. Plaintiff Wendy Pauluk responded *pro se*, purportedly on behalf of all Plaintiffs on April 15, 2019. ECF No. 318.  Defendant replied on April 22, 2019. ECF No. 319. The Clerk of Court taxed costs as requested by Defendant in its Bill of Costs and subject to no specific objections from Plaintiffs in the amount of $100,768.76. ECF No. 320.

**III.   LEGAL STANDARD**

**A.  42 U.S.C. § 1988**

42 U.S.C. § 1988 was adopted to encourage plaintiffs to seek relief for violations of their civil rights, and as such, it "operates asymmetrically." Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012). While, "[a] prevailing plaintiff may receive attorneys' fees as a matter of course . . . a prevailing defendant may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'" Id. (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011)). "Where the

plaintiff asserts both frivolous and non-frivolous claims, only fees attributable exclusively to the plaintiff's frivolous claims are recoverable." Id.

### B. Attorneys' Fees Pursuant to Nevada Rule of Civil Procedure 68

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1282 (9th Cir. 1999). "Rule 54 provides a federal procedural mechanism for moving for attorneys' fees that are due under state law." Cheffins v. Stewart, 825 F.3d 588, 597 (9th Cir. 2016). Under Rule 54, a party may move for attorneys' fees but must "specify the judgment and the statute, rule or other grounds entitling the movant to the award[.]" Fed. R. Civ. P. 54(a), (d)(2).

The Ninth Circuit has recognized that Nevada law permits a party to "recover attorneys' fees if an offer of judgment is rejected." Cheffins, 825 F.3d at 597. See also Nev. R. Civ. P. 68. Thus, while a party must follow Rule 68 when making an offer of judgment to an opposing party in a federal matter, the Court must apply Nevada law to determine if an award of attorneys' fees is warranted. MRO Commc'ns, Inc., 197 F.3d at 1282–83. See also Fed. R. Civ. P. 68 (governing the procedure for making offers of judgment).

Under Nevada law, an award for attorneys' fees is permitted if a party rejects an offer of judgment and fails to obtain a greater recovery at trial. Nev. R. Civ. P. 68. A court must consider four factors to determine if attorneys' fees should be recovered under Nevada law: whether (1) the plaintiff brought the claims in good faith; (2) the defendant's offer of judgment was reasonable and made in good faith; (3) the plaintiff's rejection of the offer was "grossly unreasonable or in bad faith;" and (4) the fees sought are reasonable and justified. Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983).

To properly determine the fourth Beattie factor, and arrive at a reasonable value of the attorney's services, courts apply the Brunzell test. The court must consider: "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they

1  affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill,
2  time and attention given to the work; [and] (4) the result: whether the attorney was successful and
3  what benefits were derived." Brunzell v. Golden Gate Nat. Bank, 455 P.2d 31, 33 (Nev. 1969)
4  (citation omitted). "[G]ood judgment would dictate that each of these factors be given
5  consideration by the trier of fact and that no one element should predominate or be given undue
6  weight." Id. (citation and quotation marks omitted).

7  If the four factors weigh in favor of the party seeking attorneys' fees, the court may award
8  the fees in its discretion. Beattie, 668 P.2d at 274.

### IV. DISCUSSION

#### A. Motion for Attorneys' Fees

Defendant moves for attorneys' fees pursuant to 42 U.S.C. § 1988 asserting Plaintiffs' claims were frivolous, or in the alternative, moves for partial fees pursuant to Nevada Rule of Civil Procedure ("NRCP") 68 based upon its offer of judgment prior to trial.

The Court finds that there is no basis for an award of fees pursuant to 42 U.S.C. § 1988. Defendant has not demonstrated that this is an "exceptional circumstance" warranting an award of attorneys' fees to a defendant in a civil rights case. Having heard the evidence and presided over the trial, the Court finds that Plaintiffs' claims were not frivolous, unreasonable, or groundless. Therefore, the Court denies the request for fees under the federal statute.

The Court further finds that Defendant's motion fails to comply with Local Rule 54-14 by failing to include the information required by Local Rule 54-14(b) and (c). Indeed, Defendant attaches an attorney affidavit to the motion that puzzlingly addresses Defendant's unrelated Bill of Costs, but provides no information authenticating the information contained in the instant motion and accompanying Exhibit C as to the attorneys' fees sought, including information confirming that the bill was reviewed and edited and that the fees and costs charged are reasonable. See ECF No. 316 at 14-21. This failure to comply with the Local Rules limits the Court's ability to evaluate Defendant's remaining argument as to an entitlement to fees for litigation of its state law claim pursuant to its offer of judgment under NRCP 68. The Court must employ both the

Beattie factors and Brunzel test to determine the appropriateness of such an award, and the latter test in particular requires, *inter alia*, an inquiry into the qualities of the advocate and the work actually performed by the lawyer. Though Defendant files hundreds of pages of billing records, Defendant provides no guidance in the form of an affidavit or calculations as to the total amount of fees incurred litigating Plaintiffs' state law claim after the offer of judgment was made.

The Court has discretion to award attorney's fees pursuant to NRCP 68. See Nev. R. Civ. P 68(f)(B); Beattie, 668 P.2d at 274. The Court notes that it previously admonished Defendant to review the Local Rules to ensure that its Motion for Attorneys' Fees complied. ECF No. 313. Given Defendant's failure to substantially comply with Local Rule 54-14 despite having been given an additional opportunity to do so, and the resulting difficulty in applying Nevada state law in order to determine the appropriateness of attorneys' fees as well as a determination as to a reasonable fee amount, the Court denies the motion as to Defendant's alternative request for fees pursuant to NRCP 68.

**B. Motion for Additional Costs (ECF No. 317)**

Defendant also seeks additional costs beyond those taxed by the Clerk of Court pursuant to 28 U.S.C. § 1920, in accordance with 42 U.S.C. § 1988 and its offer of judgment under NRCP 68.

As the Court has already determined Plaintiffs' claims were not frivolous, Defendant is not entitled to costs pursuant to 42 U.S.C. § 1988, which by its terms governs attorneys' fees, and permits those fees to be considered as part of the costs normally afforded a prevailing party. See 42 U.S.C. § 1988(b). "Out-of-pocket litigation expenses are reimbursable *as part of the attorneys' fee*, distinct from the costs already awarded to plaintiffs under 28 U.S.C. § 1920." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987) (emphasis added)). To the extent Defendant seeks additional costs, these may only be expenses reimbursable as part of the reasonable attorneys' fee, which the Court has already determined Defendant is not entitled to. The Court therefore denies the motion

as to this ground.

Defendant also moves for additional costs pursuant to its offer of judgment for prevailing on the wrongful death claim, in accordance with NRCP 68.

A court exercising supplemental jurisdiction over state law claims must apply state substantive law to those claims. Crowe v. Wiltel Commc'ns Sys., 103 F.3d 897, 899 (9th Cir. 1996) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). While NRCP 68 grants courts discretion to award attorneys' fees, "the district court *must* order the offeree to pay the post-offer costs incurred by the party who made the offer" when "an offeree rejects a valid offer and does not obtain a more favorable judgment." Gunderson v. D.R. Horton, Inc., 319 P.3d 606, 615 (Nev. 2014) (emphasis added). NRCP 68 states that a party may make written offer of judgment "[a]t any time more than 21 days before trial . . . ." Nev. R. Civ. P. 68(a). It further states that, in the event an offeree rejects an offer and fails to obtain a more favorable judgment:

> (A) the offeree cannot recover any costs, expenses, or attorney fees and may not recover interest for the period after the service of the offer and before the judgment; and
> (B) the offeree must pay the offeror's post-offer costs and expenses, including a reasonable sum to cover any expenses incurred by the offeror for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer . . . .

Id. at § (f). Unlike Federal Rule of Civil Procedure ("FRCP") 68, NRCP 68 "encompasses a judgment against the offeree." MRO Commc'ns, Inc., 197 F.3d at 1281 (citing Beattie, 668 P.2d at 274). Furthermore, these penalties under NRCP 68 only apply to an offer made to multiple plaintiffs if:

> (A) the damages claimed by all the offeree plaintiffs are solely derivative, such as where the damages claimed by some offerees are entirely derivative of an injury to the others or where the damages claimed by all offerees are derivative of an injury to another; and
> (B) the same entity, person, or group is authorized to decide whether to settle the claims of the offerees.

Nev. R. Civ. P. 68(c)(3)(A)-(B).

NRCP 68 clearly mandates an award of post-offer costs, but only covers those post-offer costs incurred as a consequence of litigating Plaintiffs' state law claim. The Court has determined that additional costs are neither available nor appropriate pursuant to 42 U.S.C. § 1988 for Plaintiffs' § 1983 federal law claims, and "[Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)] does not compel federal courts to apply state law to a federal claim." Klein v. City of Laguna Beach, 810 F.3d 693, 701–02 (9th Cir. 2016). NRCP 68 governs only Nevada state law claims and Defendant has already recovered taxable costs as defined by 28 U.S.C. § 1920 pursuant to FRCP 54(d)(1) as the prevailing party. See ECF No. 320. More importantly, the federal equivalent of NRCP 68, FRCP 68, which affords an offeror costs incurred after an offer of judgment if the offeree does not obtain a judgment more favorable than the offer, does not apply where judgment is entered against the plaintiff offeree and in favor of defendant offeror. Delta Air Lines, Inc. v. Aug., 450 U.S. 346 (1981). See also MRO Commc'ns, Inc., 197 F.3d at 1280 (citing Delta Air Lines, 450 U.S. at 352) ("Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment."). Thus, the only mechanism by which Defendant could seek costs pursuant to its offer of judgment for the federal claims would be NRCP 68, which as noted *supra*, does not govern federal claims and would if applied here, "conflict[] with a valid federal statute," FRCP 68. Therefore, costs incurred after Defendant's offer are judgment are only awardable to the extent they were incurred as a consequence of litigating Plaintiffs' state law claim.

The Court finds that Defendant has failed to show that the penalties under NRCP 68 are available. Defendant's offer of judgment plainly indicates it was made to all plaintiffs in this action, therefore constituting an offer made to multiple plaintiffs and triggering the additional requirements under NRCP 68(c)(3). See ECF No. 317 at 14-15. Therefore, post-offer costs are only available if the damages claimed by all the offeree plaintiffs are solely derivative and the same entity, person, or group is authorized to decide whether to settle the claims of the offerees. Nev. R. Civ. P. 68(c)(3)(A)-(B).

The Court finds that the first requirement is satisfied. Under Nevada law, "[w]hen the death

- 2 -

1    of any person ... is caused by the wrongful act or neglect of another, the heirs of the decedent and
2    the personal representatives of the decedent may each maintain an action for damages against the
3    person who caused the death ..." NRS 41.085(2). Heirs in a wrongful death suit are entitled to
4    recover "pecuniary damages for the person's grief or sorrow, loss of probable support,
5    companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement
6    of the decedent." NRS 41.085(4). The personal representative of the decedent's estate is entitled
7    to recover special damages, including funeral expenses. NRS 41.085(5)(a). Therefore, claims by
8    multiple plaintiffs for damages pursuant to a wrongful death action are derivative of the injury
9    caused to the decedent; in this instance, Plaintiffs Wendy, Jaime, and Chrissy J. Pauluk's wrongful
10   death claims are derivative of the death of Daniel Pauluk.

11   However, Defendant has failed to satisfy NRCP 68(c)(3)(B) by failing to argue or
12   otherwise indicate that "the same entity, person, or group is authorized to decide whether to settle
13   the claims of the offerees." The Nevada Supreme Court has ruled that as a matter of law, one
14   plaintiff spouse is presumed to have authority to settle the claims for both plaintiff spouses when
15   a married couple brings a claim concerning jointly owned property, under a common theory of
16   liability. Albios v. Horizon Communities, Inc., 132 P.3d 1022, 1031 (Nev. 2006). The Court finds
17   that while the plaintiffs in this action have a familial relationship, that familial relationship does
18   not have legal implications comparable to marriage. While Wendy Pauluk as personal
19   representative of the Estate of Daniel Pauluk is obviously authorized to decide whether to settle
20   on her individual behalf as well as on behalf of the Estate, she does not have the authority to do so
21   on behalf of Jaime and Chrissy Pauluk, who are not minors, simply because they are her daughters.
22   Accordingly, the Court finds that because the requirements of NRCP 63(c)(3)(B) are not met, the
23   offer made to Plaintiffs does not invoke the penalties of the rule, compelling the Court to deny the
24   motion as to this remaining ground.
25   //
26   //
27   //
28   //

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Attorneys' Fees (ECF No. 316) is DENIED.

**IT IS FURTHER ORDERED**  Defendant's Motion for Additional Costs (ECF No. 317) is DENIED.

DATED May 27, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**